Filed 4/28/16  P. v. Wooten CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EVAN ALEXANDER WOOTEN,<br><br>    Defendant and Appellant. | F069364<br><br>(Super. Ct. Nos. F13910689 & F11902121)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Melissa Baloian Sahatjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Poochigian, J., and Peña, J.

## *INTRODUCTION*

Appellant Evan Alexander Wooten pled guilty to manufacturing a controlled substance, a violation of Health and Safety Code section 11379.6, subdivision (a), and was placed on formal felony probation. Wooten violated probation several times. Ultimately, Wooten was found guilty of first-degree burglary and grand theft of a firearm and sentenced to prison. Wooten appealed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## *FACTS AND PROCEDURAL SUMMARY*

On April 15, 2011, Wooten was charged in case No. F11902121 with violating Health and Safety Code section 11379.6, subdivision (a), a felony, by manufacturing hash oil. On January 10, 2012, Wooten was sentenced and placed on three years' formal felony probation.

Wooten admitted his first violation of probation on March 29, 2013. He admitted a second violation of probation on June 11, 2013. Wooten admitted a third violation of probation on September 10, 2013.

On November 19, 2013, a new criminal complaint was filed as case No. F13910689 charging Wooten with first-degree burglary and grand theft of a firearm, both felonies. On December 16, 2013, Wooten was arraigned on a fourth violation of probation and remanded into custody with a no-bail provision. He also was facing charges in case No. F13911632 for possession of methamphetamine for sale.

Wooten was arraigned on the burglary and grand theft charges on January 21, 2014. Wooten entered a not-guilty plea to both charges on February 5, 2014. Jury trial commenced on April 1, 2014.

On February 20, 2013, Wooten arrived at the home of an acquaintance, Darren Duggins. Wooten found Duggins in the back yard of the residence and asked to borrow money. The two men got into an argument when Duggins declined to lend Wooten money, and Wooten ran into Duggins's house.

2.

After Wooten entered the house through an open sliding door, Duggins heard a "bang," "like something kicked down." Duggins was in a wheelchair and tried to grab his crutches, but, by the time he was able, he saw Wooten running from the residence with a shotgun. The door jamb of an interior door in the house had been broken. The 12-gauge shotgun Duggins kept in that room was missing. Duggins did not give Wooten permission to take his shotgun.

Sarah Fairbanks testified that she saw Wooten inside the house taking Duggins's shotgun. She yelled at Wooten to put the weapon down, but Wooten walked away. On the date of the incident, Fairbanks was under the influence of prescription medication. She did recall that Wooten and Duggins got into a fight.

The trial concluded on April 4, 2014, with the jury finding Wooten guilty of both counts.

Wooten was sentenced on May 7, 2014. The People moved to dismiss the charges in case No. F13911632, which was granted. The trial court denied probation in case No. F13910689 and found Wooten in violation of his felony probation in case No. F11902121 based upon the convictions in case No. F13910689. Wooten was sentenced to the mitigated term of three years on the manufacturing-a-controlled-substance conviction, and the mitigated term of two years in prison on the burglary conviction, to be served concurrent to the term for the manufacturing-a-controlled-substance conviction. The term for the grand theft conviction was stayed pursuant to Penal Code section 654. Various fines and fees were imposed.

The felony abstract of judgment filed May 7, 2014, failed to reflect that the term for grand theft was stayed pursuant to section 654. On May 8, 2014, Wooten filed a notice of appeal. Appellate counsel was appointed August 12, 2014.

By order dated September 11, 2014, appellate counsel's request to augment the record was granted. On December 3, 2014, appellate counsel requested the trial court

3.

prepare a corrected abstract of judgment so that the abstract would accurately reflect the trial court's oral pronouncement.

On request of Wooten's appellate counsel, on December 23, 2014, this court deemed the notice of appeal to be an appeal from the judgment in both case Nos. F11902121 and F13910689. The record was ordered augmented on February 10, 2015, at the request of appellate counsel.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende, supra,* 25 Cal.3d 436, on May 22, 2015. In the brief, counsel notes that the abstract of judgment was corrected by the trial court on December 5, 2014, as requested, to accurately reflect the oral pronouncement of judgment. On May 22, 2015, this court issued its letter inviting Wooten to submit a supplemental brief. No supplemental brief was filed.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.